HENRY F. TURNER, Judge pro tern.
Plaintiff, Mrs. Margaret Lafargue, brought this suit to collect the $1,000.00 accidental death benefits of a life insurance policy from defendant, United Royal Life Insurance Company of Louisiana. She had taken out the policy, with herself as beneficiary, on the life of her daughter, Linda Ann Lafargue, now deceased. The defendant denies liability on the ground the policy had lapsed for non-payment of premiums.
These policies were what are commonly referred to as debit policies. They differ from other life insurance policies in that it is the procedure of the company to collect the premiums on these policies at the insured’s home. The premium on the policy in question was collected from plaintiff at her home on a weekly basis.
The policy contained the two following pertinent provisions with regard to payment of premiums:
“Period of Grace — a grace of four calendar weeks shall be granted for the payment of all premiums, during which time this Policy will remain in force subject to the terms thereof, but after the expiration of the said period of grace, the Company’s liability under the Policy shall cease, except as to the non-forfeiture privileges hereinafter set out.”
“Reinstatement — If the Policy lapse for non-payment of premiums, it may be reinstated upon application of Insured made within one year from the date to which premiums have been fully paid and payment of all arrears, provided evidence of insurability of the Insured satisfactory to the Company be furnished, but such reinstatement shall not take effect unless at the date thereof the Insured is living and in sound health.”
At the time of the death of the insured, the premiums on the policy were six weeks in arrears. Thus, according to the literal terms of the above-quoted policy provisions, the company had no liability thereon.
It was, however, established at the trial that plaintiff had, for a considerable period, *242 been in arrears in the payment of the premiums and had, in fact, been consistently more than four weeks in arrears. Nevertheless, the defendant had continued to pick up the overdue premiums at her home and had made no insistence on the provisions of the “non-forfeiture” clause.
 We believe that the facts of this case bring it within the rule announced in Hebert v. Woodruff’s Insurance Company, La.App., 19 So.2d 290. There the court said:
“It is well established that where a custom or practice is built up on the part of insurance agents in receiving overdue premiums without objection and without insisting on the forfeiture provisions in the policy, which custom has produced in the mind of the policyholder the belief that a strict compliance with the prompt payment of premiums will not be exacted, the insurer will be deemed to have waived the right to claim a forfeiture, or will be estopped from enforcing the same, even though there is a provision in the policy that agents cannot waive forfeitures and that receiving overdue premiums is merely an act of courtesy.”
The evidence adduced at the trial of this cause indicated that the insurer’s agents had established a custom of collecting the policy premiums when they were more than four weeks overdue. Indeed, in some instances the premium accepted was not enough to bring plaintiff within the grace period for payment of premiums. This custom was such as to lead the plaintiff to believe that the forfeiture provision of the policy would not be insisted on by the company.
The trial judge gave a judgment for plaintiff for the accidental death benefits provided in the policy and for the six percent interest as a penalty provided in LSA-R.S. 22:657, and for all costs.
The insured policy in this case was in the amount of $500.00 with a provision for double indemnity in the event of accidental death of the insured, Linda Ann Lafargue, who was eight or nine years of age at the time of her death. She was killed by an automobile, while standing on the street corner with her sister. The judgment of the lower court awarded to plaintiff in the sum of $1,000.00 with six percent interest is therefore correct; however, there was a balance on the premiums owed by the plaintiff to the defendant of $1.26, which sum had previously been tendered by plaintiff but refused by defendant. Defendant now contends it should have been credited for this amount. The judgment of the lower court is therefore amended by allowing defendant a credit of $1.26, but in all other respects it is affirmed.
Amended and affirmed.